UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

c

| DAVID C. NUNNALLY, Plaintiff | CIVIL ACTION NO. 1:19-CV-00893 |
|---|---|
| VERSUS | JUDGE DRELL |
| ZHEJIANG HUAHAI PHARMACEUTICAL CO., LTD., *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## JURISDICTIONAL REVIEW FINDINGS

Before the Court is a Complaint premising federal jurisdiction upon both diversity of citizenship and federal question jurisdiction (Doc. 1). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Id.

A.  Diversity Jurisdiction

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008) (citing Harrison v. Prather, 404 F.2d 267, 272 (5th Cir. 1968)) (internal

citation and quotation omitted). "[W]hen jurisdiction depends on citizenship, citizenship must be *distinctly and affirmatively* alleged." Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988) (internal quotation omitted); see also Mullins v. Testamerica, Inc., 2008 WL 4888576 (5th Cir. 2008)(per curiam).

The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. See Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C., 757 F.3d 481, 483 (5th Cir. 2014). "[T]he citizenship of a partnership is determined by reference to the citizenship of each of its partners." See Int'l Paper Co. v. Denkmann Associates, 116 F.3d 134, 135, 137 (5th Cir. 1997). The citizenship of a limited liability company ("L.L.C."), a limited partnership, or other unincorporated association or entity, is determined by the citizenship of all its members. See Harvey, 542 F.3d at 1079-80.

The Complaint alleges that Plaintiff David Nunnally ("Nunnally") is a resident of Pineville, Rapides Parish, Louisiana. (Doc. 1, p. 7). Thus, Nunnally is a citizen of Louisiana. Nunnally alleges there is complete diversity of citizenship among the parties, and the amount in controversy exceeds the $75,000 jurisdictional threshold. (Doc. 1, p. 11). However, the citizenship of Defendants is not clear from the pleadings.

The Complaint alleges Zhejiang Huahai Pharmaceutical Co., Ltd. ("ZHP") is a Chinese corporation, with its principal place of business at Xunqiao, Linhai, Zhejiang 317024, China and its United States headquarters in Cranbury, New Jersey. (Doc. 1, p. 7). Thus, ZHP is a citizen of China. Huahai US Inc. ("Huahai US") is a New Jersey corporation, with its principal place of business in Cranbury, New Jersey. (Doc. 1, p. 7). Thus, Huahai US is a citizen of New Jersey. Prinston Pharmaceutical Inc. ("Prinston"), doing business as Solco Healthcare L.L.C. ("Solco"), is a Delaware corporation with its principal place of business in Cranbury, New Jersey. (Doc. 1, pp. 7-8). Thus, Prinston is a citizen of New Jersey. Solco is a Delaware limited liability company with its principal place of business in Cranbury, New Jersey. (Doc. 1, p. 8). Solco is a wholly owned subsidiary of Prinston and ZHP. Id. Thus, Solco is a citizen of China and New Jersey.

The Complaint further asserts Aurobindo Pharma, Ltd. ("Aurobindo") is a foreign corporation with its principal place of business in Hyderabad, Telangana, India, and its United States headquarters in East Windsor, New Jersey. (Doc. 1, p. 8). Thus, Aurobindo is a citizen of India. Aurobindo Pharma USA, Inc. ("Aurobindo USA") is a Delaware corporation with its principal place of business in East Windsor, New Jersey. (Doc. 1, p. 9). Thus, Aurobindo is a citizen of New Jersey. Aurolife Pharma, L.L.C. ("Aurolife") is a Delaware limited liability company with its principal place of business in Dayton, New Jersey. (Doc. 1, p. 9). Aurolife is a wholly owned subsidiary of Aurobindo USA. Id. Thus, Aurolife is also a citizen of New Jersey.

The Complaint contends Acetris, L.L.C. ("Acetris") is a corporation with its principal place of business in Allendale, New Jersey. (Doc. 1, p. 9). However, the citizenship of a limited liability company is not evaluated on the same basis as that of a corporation. See Harvey, 542 F.3d at 1079-1081; See also La. Rev. Stat. Ann. §12:1301. While the state of incorporation and principal place of business are sufficient jurisdictional facts to establish a corporation's citizenship, Acetris is an unincorporated LLC. The Fifth Circuit has held that a limited liability company is a citizen of every state in which any member of the company is a citizen and "the citizenship of an LLC is determined by the citizenship of *all* of its members." See Harvey, 542 F.3d at 1080. The Complaint contains no allegations regarding the citizenship of the members of Acetris. Therefore, the citizenship of Acetris is not clear from the pleadings.[1] Diversity jurisdiction is not clear on the face of the pleadings.

B. Federal Question Jurisdiction

For the Court to have subject matter jurisdiction, federal question jurisdiction must appear on the face of the Complaint. Carpenter v. Wichita Falls Independent School Dist., 44 F.3d 362, 366 (5th Cir. 1995); see also Elam v. Kansas City Southern Ry. Co., 635 F.3d 796, 803 (5th Cir. 2011) (per curiam). Nunnally brings state law claims against Defendants under the Louisiana Products Liability Act ("LPLA"), La. R.S. 9:2800.51, *et seq.* (Doc. 1, pp. 53-62), and state law claims of negligence, negligent misrepresentation, redhibition, and fraud. (Doc. 1, pp. 68-78).

---

[1] Nunnally further names DOEs 1 through 100, Defendants unknown to Nunnally. (Doc. 1, p. 10). However, the citizenship of defendants sued under fictitious names shall be disregarded for the purposes of determining diversity of citizenship. See 28 U.S.C. § 1441(b).

4

However, Nunnally also asserts this Court has federal question jurisdiction under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, *et seq.* (Doc. 1, pp. 66-68). Nunnally brings breach of warranty claims under the MMWA against Defendants. Id. The MMWA grants federal courts jurisdiction to hear claims for breach of warranty so long as the amount in controversy is at least $50,000. 15 U.S.C. § 2310(d)(3). Nunnally seeks compensatory damages, punitive damages, injunctive relief, and the creation of a fund to finance medical monitoring procedures, testing, and medical care. (Doc. 1, pp. 63-65, p. 76-77). Nunnally alleges the amount in controversy exceeds $75,000. (Doc. 1, p. 11). The allegations on the face of the Complaint satisfy the jurisdictional threshold under the MMWA. Federal question jurisdiction is thus apparent on the face of the Complaint.

No further action is necessary at this time. This finding is preliminary in nature and may be reconsidered *sua sponte* or upon appropriate motion.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __19th__ day of July 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge